IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS BANNER, as the Personal
Representative to the Wrongful Death Estate
of Dr. STEPHEN ROY BARNES, deceased;
and ANDRAS SZANTHO, as the Personal
Representative to the Wrongful Death Estate
of SUSAN ELAINE BARNES, deceased,

    Plaintiffs,

        v.                                                                                                                  Civ. No. 23-6 MLG/SCY

ESTES EXPRESS LINES d/b/a ESTES;
WEST CENTRAL TRANSPORT, LLC;
ABDINAJIB MOHAMED HUSSEIN;
MOHAMUD YUSUF HASSAN; and,
JJT LOGISTICS, LLC,

    Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART MOTION
FOR STAY OF DISCOVERY**

        This action arises out of a fatal trucking accident. Plaintiff alleges that West Central Transport driver Abdinajib Mohamed Hussein was driving a semi tractor-trailer hauling an Estes Express trailer and carrying a load brokered by JJT Logistics, and struck the vehicle of Dr. Stephen Roy Barnes and Susan Elaine Barnes, killing them. JJT Logistics has moved to dismiss the claims against it, arguing that the Federal Aviation Administration Authorization Act ("FAAAA") preempts state negligence claims against federally licensed freight brokers. Doc. 10. Simultaneously, JJT Logistics moved to stay discovery pending decision on the motion to dismiss. Doc. 16. The Court grants in part and denies in part the motion to stay discovery.

        The motion to stay argues no discovery is needed to resolve the motion to dismiss, that its "arguments for such relief are strong" and if JJT Logistics prevails, "the case, at least as to this

defendant, is resolved." *Id.* at 3-4. Plaintiff opposes the motion. Defendants Estes Express and West Central take no position on the motion. Defendants Hussein and Hassan have not yet been served or appeared in the case.

This Court has broad discretion to stay proceedings incident to its power to manage its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Baca v. Berry*, 806 F.3d 1262, 1269 (10th Cir. 2015) ("the district court has the power to stay proceedings before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants"); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion."); *King v. PA Consulting Group, Inc.*, 485 F.3d 577, 591 (10th Cir. 2007) (the court has broad discretion to manage the progression of discovery). The Court may also issue a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c), which for good cause shown allows the Court to limit discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The Court is cognizant of the fact that litigation is expensive and understands a defendant's desire to avoid such costs in cases where the defendant believes it does not belong in, and will be dismissed from, a case. The expense and burden of discovery on Defendant JJT Logistics, however, is unlikely to be great at the initial stages of discovery. Indeed, even Defendant JJT acknowledges that there is good reason for some discovery to go forward immediately. At the Rule 16 scheduling conference held on April 10, 2023, the parties agreed that, despite the pending motion to stay, the deposition of an eyewitness to the accident should go forward as soon as possible.

The parties also agreed at the Rule 16 conference that, if the Court denies the motion to stay, the initial stages of discovery would be primarily written and would focus on the relationship between the various entity defendants. Such discovery is unlikely to create a significant burden on Defendant JJT Logistics. Other discovery, such as the taking and defending of depositions will be more burdensome and expensive to Defendant JJT Logistics. The burden and expense of such discovery, however, is not so great as to warrant the stay Defendant JJT Logistics seeks.

The Court does agree, however, that the expense Defendant JJT Logistics would incur in hiring experts (at the Rule 16 conference Defendant JJT Logistics indicates it would need to hire an industry standards expert) should be deferred. The expense Defendant JJT Logistics would incur hiring an expert or experts would likely be much greater than it would incur responding to written discovery and taking or defending a few depositions during the initial stages of discovery. Accordingly, the Court temporarily stays JJT Logistics' expert deadline and associated discovery pending further order of the Court. As this case proceeds, the Court will re-evaluate the efficacy of continuing to stay JJT Logistics' expert deadline. All other discovery in the case will proceed and the Court will concurrently enter a scheduling order to that effect.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE